IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                           Cr. No. 15-2849 WJ

JOE MEDINA,

    Defendant.

**ORDER DENYING UNITED STATES' REQUEST FOR IMPOSITION OF SPECIAL ASSESSMENT FEE PURSUANT TO THE JUSTICE FOR VICTIMS OF TRAFFICKING ACT OF 2015**

THIS MATTER is before the Court to determine whether Defendant Joe Medina is non-indigent under the Justice for Victims of Trafficking Act of 2015 and thus whether the Court may impose the special assessment fee of $5,000 pursuant to 18 U.S.C. § 3014(a). At Defendant's sentencing hearing on April 17, 2017, the Court took the matter under advisement and ordered the parties to submit supplemental briefs on whether the Court should impose the special assessment fee. The government filed its brief on April 24, 2017 (Doc. 71). The Defendant filed his brief on April 27, 2017 (Doc. 72).

The government contends Defendant is non-indigent, and thus the Court should impose the special assessment fee, because he retained private counsel to represent him in this matter. Moreover, Defendant held regular employment from 2005 until the time of the charged conduct on July 9, 2015. Defendant earned a gemology degree from the Gemological Institute of America in 2004, and he reports special skills in management, production assembly and sales. Defendant's most recent employer who employed him from 2008 until the instant offense has stated that Defendant would be eligible for rehire upon his release from prison. The government

argues that the determinative factors here are that Defendant has a steady work history, special employment skills, specialized knowledge, and a prior employer who has indicated Defendant would be eligible for rehire upon his release from prison. Thus, according to the government, Defendant has the means and ability to pay the $5,000 special assessment fee, especially in light of the fact that the Court did not impose any other fine or restitution in connection with Defendant's plea.[1]

Defendant argues in response that the plain reading of the statute at issue here, 18 U.S.C. § 3014(a)[2], requires to the Court to assess whether a person is "non-indigent" at the time of sentencing, not whether the individual being sentence may become a "non-indigent person" at some future time and place. Defendant points out he did not retain private counsel, his mother did, and this distinction is critical in that it shows Defendant himself does not have the means to hire a private attorney. In fact, after his arrest, Defendant appeared in the Southern District of Indiana Federal Court for an extradition hearing on July 21, 2015, where he had court-appointed counsel. Defendant did not contest his extradition, and returned to Albuquerque for his arraignment on August 17, 2015, where he appeared before the Court *pro se* and requested a federal public defender. It was after his arraignment that his *mother* retained a private attorney to assist her son. Defendant's mother pays the legal fees.

Moreover, though Defendant has a degree in gemology and has worked in the past, his substance abuse problems make it unlikely he could retain regular employment. *See* Doc. 62, ¶¶

---

[1] The Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A, applies to this case, but no claim for restitution has been made by the victim. *See* Doc. 70, at 2. The government did not request any other fine.

[2] 18 U.S.C. § 3014(a) reads in pertinent part: "Beginning on the date of enactment of the Justice for Victims of Trafficking Act of 2015 and ending on September 30, 2019, in addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under . . . chapter 117."

75, 78. There is no information in the record before the Court regarding the income a person could make with a gemology degree.

Most importantly, Defendant also points out that he has no assets and has a net worth of negative $2,185. *See id.*, ¶ 80. These facts are disclosed in the PSR and are not contested by the government.

The Court agrees with the Defendant that there are no facts showing he is presently non-indigent, so the Court will not impose the special assessment fee. The Justice for Victims of Trafficking Act of 2015, which is codified at 18 U.S.C. § 3014, requires the court to assess a $5,000 fee against any non-indigent person convicted of an offense under certain enumerated chapters, including chapter 117. 18 U.S.C. § 3014. Critically, the government has not objected to the factual basis set forth in Defendant's PSR, which provides that Defendant has no assets and has a total net worth of negative $2,185. Doc. 62, ¶ 80. Thus, the government has not pointed the Court to any facts showing the Defendant is non-indigent. Under the plain reading of the statute, the Court must enforce it according to its terms. *See Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6 (2000) (internal quotation marks omitted) (when "the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.").

The Court has reviewed the cases contained in the government's supplemental brief, but none of those cases provide authority that the Court may impose the special assessment fee based on a defendant's hypothetical future earning capacity or the fact that a defendant held regular employment in the past.[3] In fact, even though Defendant worked up until the time of the offense

---

[3] The government relies on a number of cases under appellate review, but Defendant appropriately points out that each of those cases is readily distinguishable on the facts. For example, in *United States v. Jeremy Kelley*, 5:15-cr-50085-TBL (D. Ark. 2016), appeal docketed as No. 16-2696 (8th Cir. June 15, 2016), the defendant liquidated assets that could have been used to pay the $5,000 fine. And in *United States v. Perez*, Case No. 16-41201 (5th Cir.

3

in this case, his employment had to be interrupted three times to attend residential drug treatment programs. Doc. 62, ¶ 69. Furthermore, the government has not directed the Court to any authority holding the Court has discretion to impose the fee based merely on the fact that the Defendant's mother retained private counsel on Defendant's behalf, and pays the lawyer's fees. If the government had provided such authority, the Court would have been able to impose the special assessment fee. The Court is of the opinion that the plain reading of the statute requires the Defendant to be non-indigent at the time of sentencing, without considering additional factors that are not contained in the statute's unambiguous text. On April 17, 2017, when the Court sentenced Defendant, his worth was a negative figure, which the government has never disputed. Defendant has a private attorney, but this is because his mother retained the attorney and continues to pay those legal fees. Therefore, the Court finds Defendant is indigent for the purposes of the Justice for Victims of Trafficking Act, and the Court will not impose the $5,000 special assessment fee pursuant to 18 U.S.C. § 3014(a).

    **SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE

---

2016), the court sentenced a defendant who had a monthly income of $7,200; had a monthly cash flow of $4,013; had a net worth of $240,000; owned two residential homes; and owned three vehicles. These kinds of facts are not similar to Defendant's case, where he has an undisputed negative net worth and no assets.